**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION LOCAL NO. 8, Respondent, Waterway Terminals Company, Intervenor.**

**No. 71-2898.**

United States Court of Appeals, Ninth Circuit.

Jan. 30, 1973.

Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliot Moore, Stanley R. Zirkin, Attys., N.L.R.B., Washington, D. C., Robert J. Wiener, Director, Sub-Region 36, N.L. R.B., Portland, Or., for petitioner.

Frank Pozzi, Raymond Conboy, of Pozzi, Wilson & Atchison, Portland, Or., for respondent.

Lewis K. Scott, of McCulloch, Dezendorf, Spears & Lubersky, Portland, Or., for intervenor.

Before KOELSCH and WRIGHT, Circuit Judges, and NEILL, District Judge.*

PER CURIAM:

The National Labor Relations Board petitions for enforcement of its order finding that International Longshoremen's and Warehousemen's Union Local No. 8 (Local 8) picketed the premises of Waterway Terminals Company (Waterway) with an object of securing recognition, in violation of § 8(b)(7)(A) of the National Labor Relations Act. The Board's decision and order, requiring that Local 8 cease and desist from further picketing, are reported at 193 NLRB No. 65. The underlying dispute between these parties has been before this court in another context. Waterway Terminals Co. v. N. L. R. B., 467 F.2d 1011 (9th Cir. 1972).

The issue before the Board revolved around conflicting versions of what transpired at a meeting between representatives of Local 8 and Waterway on November 2, 1970. Local 8 excepted before the Board and now before us to the credibility resolutions made by the Trial Examiner. We do not disturb credibility resolutions "unless a clear preponderance of all the relevant evidence convinces that they are incorrect." N. L. R. B. v. Luisi Truck Lines, 384 F. 2d 842, 846 (9th Cir. 1967). We have carefully examined the record and have found no reason to reverse the credibility findings.

The petition for enforcement is granted.

* Of the Eastern District of Washington.